CHARLES J. SCHMITT *et al.*, Appellants, *against* PHILLIP HOWELL, Respondent.

(Decided December 5th, 1881.)

The plaintiffs having demanded from the defendant payment of the price of goods sold, the latter claimed a deduction of the amount of a wager lost by one of the plaintiffs to a third party, who had assigned his claim to the defendant. The plaintiffs allowed the deduction. *Held*, that they could not afterwards, on the ground of illegality of the wager, sustain an action for the amount as for a balance of the price of the goods remaining unpaid.

APPEAL from a judgment of the district court in the City of New York for the Sixth Judicial District.

The action was brought to recover a balance claimed to be due for poultry sold by the plaintiffs to the defendant. The defense was payment and satisfaction.

The facts disclosed were that defendant owed plaintiffs $332.48 for poultry. Charles J. Schmitt, one of the plaintiffs, called on defendant to collect the bill. The latter refused to pay unless Mr. Schmitt allowed him $54, being the amount of a wager Schmitt had lost to another party in the market, who had assigned the claim to defendant. Schmitt agreed, received from defendant a check for $278.48, and gave a receipt in full for $332.48.

The complaint was dismissed, and judgment entered for the defendant. From the judgment the plaintiffs appealed.

Schmitt *v.* Howell.

*J. J. Brady,* for appellants.

*Traitel, Platzek & Otterbourg,* for respondent.

J. F. DALY, J.—[After stating the facts as above.]—Had the allowance of $54 been upon an unobjectionable claim, it is quite certain that we could not disturb the agreement on which plaintiff, Schmitt, gave the receipt in full. The question is whether in this form of action plaintiffs can undo the transaction. I think not. The effect of the agreement between the parties was the payment of the wager Schmitt had lost. At common law no action to recover back the money so paid would lie (*Yates* v. *Foot,* 12 Johns. 1). The action to recover back money lost in gambling and paid over, is given by statute, and must be brought under the statute. This is not such an action.

The plaintiff who settled with defendant might have refused to allow the wager debt, and to take less than the face of his demand, and could have sued then, as well as now, for the amount of his bill. If his anxiety to get $278.48 was so great as to induce him to settle his gambling debt, he must resort to any remedy which the statutes may afford, to re-open the transaction in respect to the latter, which, to use the language of the court in the case first cited, has been executed and ought not to be disturbed.

The judgment should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.